IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LANA L. STARKEY,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMBER ENTERPRISES, INC., a Corporation; HY-VEE, INC., a Corporation; and MIKE AGOSTINO, Individually;<br><br>　　　　　　　　　Defendants. | 8:17CV29<br><br>**PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Stipulation and Motion for Protective Order. (Filing No. 28.) The motion is granted.

Accordingly,

**IT IS ORDERED** that confidential information and documents received and produced by the parties in this case may be utilized in the preparation of the case, but the parties must do so in accordance with the following terms:

　　　　1.　　Confidential Information. "Confidential Information" as used herein means private and confidential information pertaining to the parties, and other unpublished and confidential information relating to the parties. Such information may include any type or classification of information which is designated as "Confidential Information" by the supplying party, whether revealed during a deposition, in a document, in an interrogatory answer or otherwise. "Document" as used herein refers to any written, graphic, or electronic information, no matter how produced, recorded, stored or reproduced and includes recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such recordings and data. In designating information as Confidential Information the supplying party will make such designation only as to that information which that party in good faith believes to be confidential. All documents and every portion thereof designated as confidential shall constitute confidential information for the purposes of this Order

and shall be used by the receiving party only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

2. Qualified Recipients. For the purposes of this Order, and subject to the provisions of this paragraph, the persons authorized to receive "Confidential Information" (hereinafter "qualified recipient") shall include **only:**

a) The named parties and officers, directors, board members, and in-house legal counsel, of the parties;
b) Legal counsel representing the Defendants and legal counsel representing the Plaintiff, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;
c) The Court, court reporters who take and transcribe testimony, as well as necessary law clerks and administrative assistants;
d) Consulting or testifying expert witnesses who assist counsel in the preparation of this case;
e) Any mediator retained by the parties in an effort to mediate and/or settle the claims made in this action;
f) Any assistant, paralegal, stenographic, secretarial or clerical personnel employed by, retained by, or assisting a qualified person in this case;
g) Any other persons agreed to by the parties in writing, either as to all or any confidential information in this case.

Except as provided herein, Confidential Information produced in this case shall be disclosed by the receiving party only to Qualified Persons who shall have read this Protective Order. Provided, however, that nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure. Requests by a party to disclose Confidential Information which would otherwise be in violation of the terms of this Protective Order shall be made in writing.

3. Maintenance of Confidentiality. Confidential information shall be maintained confidentially by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. Each party, each qualified recipient, and all counsel representing any party, shall use their best efforts to maintain all produced confidential information in such a manner as to prevent access, including at depositions, hearings, and trial, by individuals who are not qualified recipients.

4. Copies. Confidential information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of the Court. However, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of confidential information which shall be maintained confidentially under the terms of this Order.

5. Filing Confidential Information. All documents of any nature including, but not limited to, index of evidence, briefs, motions, memoranda, transcripts, and the like, that are filed with the Court for any purpose and that contain confidential information shall be filed in accordance with NEGenR 1.3(a)(1)(B) as appropriate for restricted or sealed documents.

6. Depositions. The following procedures shall be followed at all depositions to protect the integrity of all confidential information:

a) Only qualified recipients may be present at a deposition in which confidential information is disclosed or discussed.
b) All testimony elicited during a deposition at which confidential information is disclosed or discussed is deemed to be confidential information and the deposition transcript shall be designated as confidential information.
c) Material designated as confidential may be used at a nonparty deposition only if necessary to the testimony of the witness and after a written request as set forth in this Protective Order.

d) During a deposition, a confidential designation may be made at any time when counsel reasonably believes that testimony regarding confidential information is about to be provided, or alternatively, has been provided. If a party fails to designate deposition testimony as confidential during a deposition, counsel shall nevertheless have ten (10) days following receipt of the deposition transcript to designate the transcript as confidential.

7. Trial. Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate proposed order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the course of the trial.

8. Return or Destruction of Documents. Upon final termination of this proceeding, including all appeals, each Qualified Recipient shall at its option destroy or return to the producing party all original materials produced and designated as confidential information, and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials that contain or refer to confidential information. This Protective Order shall survive the final termination of this action, and shall be binding on the parties, their legal counsel, and qualified recipients at all times in the future.

9. Modification. This Order is entered without prejudice to the right of any party to apply to the Court for any additional protective order, or to relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. The existence of this Protective Order shall not be used by any party as a basis for discovery that is not otherwise proper under applicable law and rules of discovery. Inadvertent production by a party or third party of privileged discovery material is not intended to waive any applicable privilege. A party notified by another party or third party of inadvertent production of privileged discovery material will return all copies of such material to the party claiming the privilege within seven (7) days of the receipt of the notification of the inadvertent disclosure. If the receiving party disputes the claim of privilege or the claim the disclosure was inadvertent, the burden is on the receiving

party to seek a ruling from the Court on the applicability of the privilege before the materials can be used in any way. In the event of a dispute about the applicability of a privilege, the material shall be treated as Confidential Information under the terms of this Protective Order pending the resolution of the dispute.

10. Additional Parties to Litigation. In the event additional parties join or are joined in this action, they shall not have access to confidential information until the newly joined party, by its counsel has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Order.

Dated this 9th day of November, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge